# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ANITA WAGNER**                                             **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-261-RLB[1]**

**COMMISSIONER OF
SOCIAL SECURITY**

## RULING ON PLAINTIFF'S SOCIAL SECURITY APPEAL

Anita Wagner ("Plaintiff") seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for Disability Insurance Benefits under the Social Security Act. (R. Doc. 1). Having found all the procedural prerequisites met (Tr. 1-6), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…"). For the reasons given below, the Court **ORDERS** that the decision of the Commissioner is **AFFIRMED,** and Plaintiff's appeal is **DISMISSED with prejudice**.

## I.    PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits on June 18, 2018 (Tr. 177-183) and her application for supplemental security income benefits on June 26, 2018 (Tr. 184-189), alleging that she became disabled on July 1, 2015 because of disabling conditions, namely

---

[1] Because both parties consented to proceed before a United States Magistrate Judge (R. Doc. 10), the case was transferred to this Court for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c)(1).

Chronic Obstructive Pulmonary Disease (COPD), high blood pressure, high cholesterol, depression, anxiety, ADD, and polyps on her colon. (Tr. 208). Plaintiff's application was initially denied by an Administrative Law Judge ("ALJ"), who first held an administrative hearing (Tr. 26-72) before issuing an unfavorable decision on October 1, 2019. (Tr. 7-25). Plaintiff's request for review of the ALJ's decision (Tr. 172-174) was denied by the Appeals Council on March 3, 2020. (Tr. 1-6). The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *See* 20 C.F.R. § 404.981.

## II.    STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner even

if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("In applying the substantial evidence standard, we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's."); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## III.   ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he or she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities…" 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he or she proves that his or her impairments meet or are

medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20

C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1

(Listing of Impairments). Fourth, the claimant bears the burden of proving he or she is incapable

of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. §

404.1520(f).

      If the claimant is successful at all four of the preceding steps then the burden shifts to the

Commissioner to prove, considering the claimant's residual functional capacity, age, education

and past work experience, that he or she is capable of performing other work. 20 C.F.R §

404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform,

the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*,

925 F.2d at 789.

      Here, the ALJ made the following determinations:

    1.      The claimants met the insured status requirements of the Social Security Act

through September 30, 2015.

    2.      The claimant had not engaged in substantial gainful activity since July 1, 2015,

the alleged onset date.

    3.      The claimant had the following severe impairments: chronic obstructive

pulmonary disease (COPD), depression, and anxiety.

    4.      The claimant did not have an impairment or combination of impairments that

meets or medically equals the severity of one of the listed impairments.

    5.      The claimant had the residual functional capacity to perform a full range of work

at all exertional levels but with the following non-exertional limitations: The claimant must

avoid prolonged exposure to concentrated pulmonary irritants, can understand, remember, and

carry out detailed and semi-complex instructions, can have superficial interaction with supervisors and co-workers, meaning no team setting, no working in companionship, or close proximity to someone, and can have incidental/superficial contact with the general public, meaning no working directly with the public but can be around the public.

6.     The claimant was unable to perform past relevant work.

7.     The claimant was born on October 28, 1962 and was 52 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date.

8.     The claimant has at least a high school education and is able to communicate in English.

9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant umbers in the national economy that the claimant can perform.

11.    The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2015, through the date of the ALJ's decision.

## IV.    DISCUSSION

Plaintiff argues that the ALJ's RFC was unsupported by substantial evidence as he failed to provide any explanation as to why Dr. Ashford's opinion was not consistent with the record. (R. Doc. 16 at 6-11). In support of this contention, Plaintiff suggests that an ALJ is required to articulate how persuasive he finds all of the medical opinions and all of the prior administrative medical findings in the case record, citing 20 C.F.R. §§ 404.1520c(b) and 416.920c(b), and

suggests that the ALJ's rationale in finding Dr. Ashford's opinion "not persuasive" is not supported by substantial evidence such that the RFC is similarly unsupported by substantial evidence. (R. Doc. 16 at 7). Defendant responds with assertions that the ALJ properly supported the weight given to Dr. Ashford's opinion, and cited portions of the record it contends supports the ALJ's RFC. (R. Doc. 18 at 6-10). In Reply, Plaintiff suggests that Defendant improperly cited portions of the record not cited by the ALJ because the decision of the ALJ "must stand or fall with the reasons set forth in the ALJ's decision." (R. Doc. 19 at 2 (citing *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)).

With regard to Dr. Ashford, the ALJ found the following:

The undersigned finds this opinion not persuasive. Dr. Ashford's opinion was supported by an in-person evaluation. However, his opinion is not consistent with the medical evidence, specifically the claimant's generally normal mental status findings indicating intact memory, cooperative behavior, good eye contact, logical thought process, and normal speech (Ex. 4F/5; 6F/2; 8F/6; 9F/4; 7, 10, 17). In addition, the claimant reported that she managed the finances and doing[sic] all the shopping for the family (Ex. 4F/4).

(Tr. 19).

Plaintiff only challenges the ALJ's RFC with regard to the weight provided Dr. Ashford's opinion, and whether substantial evidence supports that finding.[2] Plaintiff does not challenge the ALJ's finding that she can perform a full range of exertional levels, nor any assessment regarding her physical abilities. The Court's review is, therefore, limited to the non-exertional limitations assessed in connection with the ALJ's RFC finding.

As to Plaintiff's non-exertional RFC, the ALJ limited her to the ability to understand, remember, and carry out detailed and semi-complex instructions, superficial interaction with supervisors and co-workers, meaning no team setting, no working in companionship, or close

---

[2] Dr. Ashford was retained as a consultative examiner.

proximity to someone, and only incidental/superficial contact with the general public, meaning no working directly with the public but can be around the public. (Tr. 19).

Dr. Ashford conducted a consultative mental status examination with Plaintiff on October 17, 2018, by referral from Disability Determination Services. (Tr. 341). After summarizing Plaintiff's report of personal and medical history, as well as current symptoms, Dr. Ashford reported mental diagnostic impressions of major depressive disorder recurrent, generalized anxiety disorder, and ADHD predominately inattentive presentation. (Tr. 346). Dr. Ashford then issued a Medical Source Statement wherein Plaintiff was assessed to have the ability to understand, remember and carry out most instruction associated with unskilled work, maintain and perform at least simple repetitive tasks for two-hour blocks of time, respond appropriately to supervision and interact appropriately with co-workers, but have difficulty sustaining effort and persisting at a normal pace over the course of a routine forty-hour workweek, and have difficulty tolerating the stress/pressure associated with day-to-day work activities and demands. (Tr. 346).

20 C.F.R. § 404.1527c(a) requires an ALJ to "articulate how [he] consider[ed] medical opinions and prior administrative findings… according to paragraph b," which requires an ALJ to articulate how persuasive he finds a medical opinion, though he is "not required to articulate how [he] considered each medical opinion… individually." Section (b)(2) notes that supportability and consistency are the most important factors to be considered.

The ALJ sufficiently articulated his findings and conclusions to permit meaningful judicial review, so that a remand is not warranted for lack of explanation. First, the ALJ made an explicit finding that Dr. Ashford's opinion was not persuasive. (Tr. 19). He then noted that "Dr. Ashford's opinion was supported by an in-person evaluation," i.e., supportability, but that "his opinion is not consistent with the medical evidence," i.e., consistency in light of the record as a

whole. (Tr. 19). The ALJ then summarized some of the medical evidence he considered in finding that Dr. Ashford's opinion was not consistent, such as "the claimant's generally normal mental status findings indicating intact memory, cooperative behavior, good eye contact, logical thought process, and normal speech, and her reports that "she managed the finances and doing all the shopping for the family." (Tr. 19). The ALJ also points to the claimant's testimony as to her own activities of daily living as well as minimal objective findings related to her alleged mental impairments.

Although Plaintiff disagrees with the amount of weight given to Dr. Ashford's opinion, substantial evidence supports the ALJ's findings.[3] The ALJ first cites to findings in Dr. Ashford's report that contradict his medical source statement. Specifically, Dr. Ashford noted that Plaintiff's remote and recent memory seemed intact, her concentration good, her fund of general information fair, her judgment and insight both good, and found her capable of managing awarded benefits. (Tr. 345). Plaintiff reported managing her daughter's income and doing all of the shopping for the family. (Tr. 344). The Court also notes that although Plaintiff reported to Dr. Ashford that "she has a lot of trouble in general focusing her attention for any length of time," she also reported completing a B.S. in psychology from Washington State University during 2012. (Tr. 342, 343). Dr. Ashford reported assessments of moderate anxiety, current severe depression, and positive ADHD tests. (Tr. 345-346).

The ALJ also cites to a consultative physical exam conducted by Dr. Levie Johnson on October 31, 2018, wherein it was noted that Plaintiff could follow commands appropriately and

---

[3] Plaintiff appears to suggest that Defendant erred in citing information in the record not cited by the ALJ in his decision, but the law is clear that a reviewing court must consider the record as a whole in determining whether substantial evidence supports the ALJ's decision, such that the citation of portions of the record in briefing that were not explicitly referenced by the ALJ is appropriate. *See, e.g., Reid v. Comm'r of Soc. Sec.*, 474 F. Supp. 3d 911, 919 (E.D. Mich. July 24, 2020) (citing *Walker v. Sec. of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)).

her long and short-term memories to be normal. (Tr. 351). He noted no current signs of
depression or anxiety. (Tr. 354).

In a behavioral health assessment dated January 29, 2019, the counselor reported
Plaintiff's attitude to be cooperative, her mood depressed but affect appropriate, her thought
process to be logical/coherent with no abnormal thought content, oriented times 4,[4] remote and
recent memory normal along with immediate recall, normal intellectual functioning without
intellectual disability, with impaired judgment but able to resist impulses. (Tr. 368).

Where the ALJ found Dr. Ashford's opinion unpersuasive, he found the prior
administrative medical findings of Dr. Rolison dated November 5, 2018 to be persuasive. (Tr.
19). "The relative weight to be given to the evidence contained in the record is within the ALJ's
discretion." *Lopez v. Saul*, 2020 WL 4934462, at *4 (W.D. Tex. Aug. 22, 2020) (citing
*Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001)). However, an ALJ "may
not—without opinions from medical experts—derive the applicant's residual functional capacity
based solely on the evidence of his or her claimed medical conditions." *Williams v. Astrue*, 355
Fed. App'x 828, 832 n.6 (5th Cir. 2009). Here, the ALJ assigned weight of the medical opinions,
finding Dr. Rolison's findings to be persuasive, and his RFC is consistent with the findings of
Dr. Rolison, as shown in more detail below.

Dr. Rolison concluded that Plaintiff had only moderate limitations in her abilities to
understand, remember, or apply information, interact with others, concentrate, persist, or
maintain pace, and adapt or manage herself. (Tr. 83-84). In reaching that conclusion, Dr. Rolison
noted that Plaintiff had no problems with completing her personal care and needs no reminders
for this or to take medication, that she could prepare simple meals, does laundry, cleans out the

---

[4] Person, place, time, and situation.

cat box, and picks up the groceries with reminders, handles her personal finances, watches YouTube videos and makes slime, goes to Walmart, Walgreens, fast food restaurants, Sam's Club, and Target regularly. Rolison concluded that Plaintiff is capable of performing work on the level of her current MRFC, and her reported limitations were only partially consistent. (Tr. 84).

The Court's review of the evidence further supports the ALJ's findings. While the record certainly indicates some difficulty with mental abilities, the medical evidence on record does not support an RFC with limitations any higher than that found by the ALJ, and substantial evidence supports the ALJ's conclusion. The records suggest reports of diagnoses of depression and anxiety as far back as August 2013, and a self-suspected history of these issues since childhood. (Tr. 293, 343).

In June 2014, Plaintiff reported a history of depression and anxiety, but noted that her medication was relieving her depression symptoms, though the anxiety caused sleepless nights and difficulty focusing. (Tr. 288). Her primary care provider counseled her on treatment options, including mental health services. (Tr. 289). At an August 29, 2013 initial consultation, her provider noted a history of depression managed with medication, and that her affect, judgment, mood, and appearance were normal without suicidal/homicidal ideation. (Tr. 294).

At a November 19, 2018 appointment, Plaintiff was noted to be well-groomed and clean, cooperative and making eye contact with normal speech patterns, normal attention and concentration ability, alter and intact memory, average intelligence, euthymic mood, pleasant affect, and her insight, judgment, thought processes, thought content, and motor activity intact. (Tr. 379). Counseling was recommended with patient goals of stability of mood and depression. (Tr. 379, 380).

By December 13, 2018, Plaintiff reported improved symptoms, no anxiety, denied depression, but that she had not yet obtained counseling, which was again recommended. (Tr. 382, 383). Plaintiff reported worsening symptoms at her January 22, 2019 visit, but had not yet begun therapy as NP Kendra Patrick "[e]ncouraged pt to start psychotherapy asap." (Tr. 385). Plaintiff's April 3, 2019 visit notes contain no information with regard to symptoms or complaints, but her instructions were to take medications as prescribed and continue counseling. (Tr. 389).

While the medical records indicate complaints and symptoms associated with diagnoses of depression, anxiety, and ADHD, there is an absence of evidence of intensive treatment, and little indication of associated functional limitations that would rise to levels higher than that assessed in the ALJ's RFC. There is no indication of treatment for depression, anxiety, and ADHD beyond medicine management through primary care, and some counseling. There is no evidence of any visit to an urgent care facility or emergency room for acute associated symptoms, nor any evidence of psychiatric hospitalizations or intensive mental health therapy. Substantial evidence, in the form of positive evidence of some history of treatment for mental conditions along with the absence of significant or intensive treatment of same, supports the ALJ's RFC finding of only mild to moderate mental limitations that do not render her completely disabled.

The record as a whole contains consistent information supporting the ALJ's finding that Plaintiff suffered from severe impairments of depression and anxiety, which under the law, necessitated the ALJ's consideration of whether there were any resulting functional limitations. A severe impairment does not, however, necessitate a finding of disability. An ALJ must consider the functional limitations resulting from a claimant's medically determinable

impairments in order to determine whether she is completely disabled. To that end, the record as a whole contains very little as to functional limitations, and the non-exertional limitations appear to have stemmed primarily from Plaintiff's own reports, both at the administrative hearing as well as within the notes maintained by her providers, as discussed above.

Plaintiff reports difficulties maintaining attention and remembering instructions, which is reflected in the ALJ's limitation that she can understand, remember and carry out only detailed and semi-complex instructions. Plaintiff also reports difficulties with stress and interacting with others, which is reflected in the ALJ's limitation that she have only superficial interaction with supervisors and co-workers, and only incidental/superficial contact with the general public. Significantly, the ALJ notes that he "has provided for the claimant's treatment with psychotropic medications, therapy, and infrequent abnormal mental status findings, in the assigned residual function capacity." (Tr. 18). The Court finds that substantial evidence supports those findings.

## V.    Conclusion

For the reasons given above, **IT IS ORDERED** that the Commissioner's decision is **AFFIRMED** and Plaintiff's appeal **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on June 11, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**